■ ESTHER KUPERSMITH, Individually and as Administratrix of the Estate of LEO KUPERSMITH, Deceased, Respondent-Appellant, v. LEE F. VOSBURGH, Appellant, et al., Defendants, and NORTH SHORE HOSPITAL, Respondent.— In a medical malpractice action, (1) defendant Vosburgh appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered March 4, 1971, as is in favor of plaintiff, Esther Kupersmith, and against him, upon a jury verdict, and (2) plaintiff cross-appeals from so much of the judgment as is against her and in favor of defendant North Shore Hospital, upon the trial court's decision granting said defendant's motion to set aside the jury verdict in her favor against said defendant and to dismiss the complaint as against said defendant. Judgment modified, on the law and the facts, by deleting therefrom the fourth decretal paragraph, which dismissed

the complaint as against defendant North Shore Hospital and awarded judgment in favor of the latter, and by inserting in its stead a provision granting a new trial and severance of action as between plaintiff and said defendant. As so modified, judgment affirmed insofar as appealed from, with costs to plaintiff against defendant Vosburgh, and with costs to abide the event as between plaintiff and defendant North Shore Hospital. In our opinion, the jury verdict in favor of plaintiff against defendant Vosburgh is supported by the weight of the evidence. We also believe that the trial court's action in setting aside the jury's verdict against the defendant hospital was warranted. However, we are of the opinion that it should have granted a new trial and not have dismissed the complaint. From the record as it now stands, we conclude that the evidence is too tenuous and sparse to establish that the hospital's failure to take timely blood cultures contributed to the seriousness of plaintiff's subsequent illnesses. The only evidence adduced by plaintiff with respect to that issue was the testimony of her expert, Dr. Nathanson. The purport of his testimony was that had blood cultures been timely taken the infecting organisms could have been identified and plaintiff could have then been properly treated with antibiotics in an attempt to contain the infection, in which event the pelvic abscesses might never have developed. On the other hand, the defendant hospital sought to establish that blood cultures eventually taken from plaintiff were negative, that the use of antibiotics would not have affected the initial abscess after it had formed and that even if such blood cultures had shown the presence of organisms she would not have received treatment different from that actually accorded her prior to the formation of the initial abscess. However, since the record shows unusual circumstances, we grant a new trial in order to afford plaintiff further opportunity to adduce other evidence as to the causal relation between the hospital's failure to take blood cultures of plaintiff during her first hospitalization and the infections and abscesses which subsequently developed (cf. *Deutsch* v. *Doctors Hosp.*, 21 A D 2d 775). Munder, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.